United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40162
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SERGIO ARTURO ROSALES,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-1379-1
---------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Sergio Arturo Rosales pleaded guilty to reentering the
United States illegally after having been deported and after
having been convicted of an "aggravated felony," a violation of 8
U.S.C. § 1326(a) and (b).  The district court sentenced him to a
60-month prison term and to three years of supervised release.

For the first time on appeal, Rosales argues that 8 U.S.C.
§ 1326(b) is unconstitutional under Apprendi v. New Jersey,
530 U.S. 466 (2000), because it does not require the fact of a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prior felony or aggravated-felony conviction to be charged in the indictment and proved beyond a reasonable doubt.  As Rosales concedes, this argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), and <u>Almendarez-Torres</u> was not overruled by <u>Apprendi</u>.  <u>See</u> <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000).

Rosales also argues that the Supreme Court's holding in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), should be applied to sentences determined under the United States Sentencing Guidelines.  He concedes that this argument is foreclosed by this court's opinion in <u>United States v. Pineiro</u>, 377 F.3d 464, 465 (5th Cir. 2004), <u>petition for cert. filed</u> (U.S. July 14, 2004) (No. 04-5263), but he raises it to preserve it for possible further review.

AFFIRMED.